UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT H. BURCH, Individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>-v-<br><br>SLM CORPORATION, ALBERT L. LORD, CHARLES ELLIOTT (C.E.) ANDREWS and ROBERT S. AUTOR,<br><br>                  Defendants. | Civil Action No. 08-cv-01029 (WHP)<br><br>ECF Case |
| RUSSEL PATRICK, Individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>-v-<br><br>SLM CORPORATION, ALBERT L. LORD, CHARLES ELLIOTT (C.E.) ANDREWS and ROBERT S. AUTOR,<br><br>                  Defendants. | Civil Action No. 08-cv-02463 (WHP)<br><br>ECF Case |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
WESTCHESTER CAPITAL MANAGEMENT, INC.'S AND GREEN & SMITH
INVESTMENT MANAGEMENT L.L.C.'S  MOTION
FOR THE CONSOLIDATION OF ALL RELATED ACTIONS;
TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD
PLAINTIFFS' SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. II

PRELIMINARY STATEMENT ............................................................................................. 1

FACTURAL BACKGROUND ............................................................................................... 2

RELATED ACTIONS SHOULD BE CONSOLIDATED ..................................................... 4

POINT I    THE WESTCHESTER MOVANTS SHOULD BE APPOINTED LEAD
           PLAINTIFF FOR THE CONSOLIDATED ACTION ........................................ 5

    A.   THE PROCEDURES REQUIRED BY THE PSLRA ........................................... 5

    B.   THE WESTCHESTER MOVANTS SATISFIES THE LEAD PLAINTIFF
        PROVISIONS OF THE PSLRA ............................................................................. 6

        1.   The Westchester Movants Has Complied With The PSLRA ...................... 6

        2.   The Westchester Movants Have The Largest Financial Interest In The
            Relief Sought ................................................................................................. 7

        3.   The Westchester Movants Otherwise Satisfies Rule 23 .............................. 8

            (a) The Claims Of The Westchester Movants are Typical of the Claims of
                the Class ..................................................................................................... 9

            (b) The Westchester Movants Will Fairly And Adequately Represent The
                Interests Of The Class ............................................................................ 10

POINT II   THIS COURT SHOULD APPROVE THE WESTCHESTER MOVANTS'
           CHOICE OF LEAD COUNSEL ........................................................................ 11

CONCLUSION......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992) ................................................................................................. 9

*In re eSpeed, Inc. Sec. Litig.*
  232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................. 9

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D. N.Y. 1998) ...................................................................................... 9

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ................................................................................................ 5

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007 ......................................................................................... 8, 10

*Lax v. First Merchants Acceptance Corp.*,
  Nos. 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866
  (N.D. Ill. Aug. 11, 1997) ................................................................................................... 7, 8

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 8

*Werner v. Satterlee, Stephen, Burke & Burke*,
  797 F. Supp. 1196 (S.D.N.Y. 1992) ...................................................................................... 5

**Statutes**

Securities Exchange Act of 1934

  15 U.S.C. §78u-4(a)(1) ................................................................................................. passim
  15 U.S.C. §78u-4(a)(3)(B)(ii) ................................................................................................ 4

Rule 42(a) ......................................................................................................................................... 4

**Other Authorities**

H.R. Conf. Rep No. 104-369 (1995),
  reprinted at 1995 U.S.C.A.A.N. 730 ..................................................................................... 2

## **PRELIMINARY STATEMENT**

Westchester Capital Management, Inc. ("Westchester Capital") and Green & Smith Investment Management L.L.C. ("G&S"), (hereinafter the "Westchester Movants" or "Movants")[1], respectfully submit this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) consolidating all related class actions; (ii) appointing the Westchester Movants as the Lead Plaintiffs in the consolidated action and any subsequently filed related cases, and (iii) approving their selection of Abbey Spanier Rodd & Abrams, LLP as Lead Counsel for the Class.

The Westchester Movants acquired 4,439,750 shares of SLM Corporation common stock ("SLM" or the "Company") during the period from January 18, 2007 through January 23, 2008 (the "Class Period") and as a result have suffered losses of approximately $38,041,115.00 of a LIFO basis ("last in, first out") or approximately $37,680,465.00 on a FIFO ("first in, first out") basis. The Westchester Movants believe that they have sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the consolidated action. The Westchester Movants are familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands its responsibilities to the class, and are willing and able to oversee the prosecution of this action.

As institutional investors, the Westchester Movants are exactly the type of plaintiff Congress envisioned to lead securities class action lawsuits following the passage of the PSLRA. As the

---

[1] The federal securities laws specifically authorize class members, regardless of whether they have filed a complaint, to move for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). The Westchester Movants' certification setting forth their transactions in SLM common stock is attached as Exhibit B to the Declaration of Nancy Kaboolian ("Kaboolian Decl. Ex___") submitted herewith.

1

Statement of Managers noted, the PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because among other reasons, institutional investors and other class members with large amounts at stake "will represent the interest of the plaintiff class more effectively than class members with small amounts at stake." H.R. Conf. Rep No. 104-369 (1995), reprinted at 1995 U.S.C.A.A.N. 730.

The PSLRA directs the Court to consider any motions brought by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice not later than 90 days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. This provision further directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff and, in making this determination, to presume that this is the entity that, among other things, has "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

The Westchester Movants believe that they have the largest financial interest in the relief sought by the class. Further, the Westchester Movants will ensure that the litigation is conducted in the best interests of the members of the class and are not subject to any unique defenses that would render them incapable of adequately representing the class. Therefore, the Westchester Movants respectfully request that the Court grant their motion to be appointed lead plaintiff, and approve their selection of Abbey Spanier Rodd & Abrams, LLP as lead counsel.

## FACTURAL BACKGROUND

SLM, through its subsidiaries, provides education finance in the United States. The first action against SLM and certain of its officers and directors was filed in this Court on January 31, 2008. The Complaint in the *Burch v SLM Corporation et al.*, Civil Action No. 08-1029 alleges that

defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by issuing a series of material misrepresentations to the market during the Class Period and thereby artificially inflating the price of SLM securities.

The complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results and, despite evidence that SLM's loan loss provisions for its subprime borrowers attending non-traditional schools were inadequate both prior to and at the start of the Class Period, defendants failed to adequately reserve for losses in SLM's non-traditional portfolio. As a result of defendants' false statements, SLM's stock traded at artificially inflated prices during the Class Period, reaching a Class Period high of $57.98 per share in July 2007.

On January 3, 2008, the Company disclosed in an SEC filing that it would be cutting back on its core business of lending to students by being "more selective" in making students loans due to turmoil in the credit markets and a new federal law that slashed subsidies to the private companies that make government-backed student loans. On this news, SLM's stock dropped $2.49 per share to close at $16.67 per share, a one-day decline of 15%.

According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (a) the Company failed to engage in proper due diligence in originating student loans to subprime borrowers, particularly those attending non-traditional institutions; (b) the Company was not adequately reserving for uncollectible loans in its non-traditional portfolio in violation of generally accepted accounting principles, causing its financial results to be materially misstated; (c) the Company had far greater exposure to anticipated losses and defaults related to its non-traditional loan portfolio than it had previously disclosed; and (d) given the deterioration and the increased volatility in the subprime

market and reductions in federal subsidies, the Company would be forced to tighten its lending standards on both its federal loans and private education loans which would have a direct material negative impact on its loan originations going forward.

## **RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA, among other things, provides for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue. First, the Court shall rule on the consolidation issue. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. Each of the above captioned actions involves class action claims on behalf of class members who purchased or otherwise acquired SLM securities during the Class Period. Consolidation is appropriate for the related actions filed in this Court because they involve common questions of law and fact and allege the same or similar claims under the Federal securities laws on behalf of the same

4

or similar plaintiff class. *Werner v. Satterlee, Stephen, Burke & Burke*, 797 F. Supp. 1196, 1121 (S.D.N.Y. 1992) (consolidation appropriate in securities actions where complaints are based on the same public statements and reports and there are common questions of law and fact). In addition, all actions will involve similar issues regarding class certification, and will involve identical discovery of the parties and of non-parities. Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency. *See, Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."). Second, after any related cases have been consolidated, the Court rules on the lead plaintiff and lead counsel issues.

The Westchester Movants therefore, request that the Court consolidate all related and any subsequently filed related actions and then rule on the lead plaintiff and lead counsel issues in this matter.

## POINT I

### THE WESTCHESTER MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CONSOLIDATED ACTION

**A.    THE PROCEDURES REQUIRED BY THE PSLRA**

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and its right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or

group of persons who are members of the proposed class may apply to the court to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that —

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### B. THE WESTCHESTER MOVANTS SATISFY THE LEAD PLAINTIFF PROVISIONS OF THE PSLRA

#### 1. The Westchester Movants Have Complied With The PSLRA

Plaintiff in the first filed action caused a notice to be published on January 31, 2008 on Business Wire, a widely circulated national business-oriented wire service. The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)((3)(A) and (B) expires on March 31, 2008. Pursuant to the PSLRA and within the requisite time frame after

6

publication of the required notice, the Westchester Movants herein timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class. See Kaboolian Decl., Ex. A.

Westchester Capital and G&S are related investment managers with full discretion and control over all investments made by the funds for which they act as advisers. The Certification of Roy Behren, the Chief Compliance Officer of both Westchester Capital and G&S, states that he has full authority to take all actions on behalf of Westchester Capital and G&S and the funds they advise, including the right to commence legal action and the right to seek to be appointed as a Lead Plaintiff. The Chief Compliance Officer, acting within his authority of behalf of the funds, duly signed a certification stating that he had reviewed the complaint filed in this action, and that Westchester Movants are willing to serve as the representative party on behalf of the Class. See Kaboolian Decl., Ex. B. The Certification demonstrates that Westchester Capital and G&S have full discretion and control over all investments made by the funds they advise and that the funds have suffered losses in the amount of approximately $38,041,115.00 of a LIFO basis or $37,680,465.00 on a FIFO basis in connection with their purchases of SLM stock. See Kaboolian Decl., Ex. C

In addition, Westchester Movants have selected and retained experienced and competent counsel to represent the Movants and the Class. See Kaboolian Decl. Ex. D.

### 2. The Westchester Movants Have the Largest Financial Interest In the Relief Sought

The most adequate plaintiff is the person or group of persons that in the determination of the Court has the largest financial interest in the relief sought by the class.

The PSLRA is not explicit as to what method courts are to use in determining which plaintiff has the largest financial interest in the relief sought by the class. However, in making this assessment, many courts have looked to four factors, first set forth in *Lax v. First Merchants Acceptance Corp.*,

7

*Nos. 97 Civ. 2715 et al., 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)*: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered. *See also Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004) (adopting the four-factor "*Lax* test"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).

The Certification demonstrates that during the Class Period, the Westchester Movants acquired 4,439,750 shares of SLM during the class period expending $216,366,581.00 and sold 3,016,773 shares during the class period for $148,958,112.00. The Westchester Movants did not hold any SLM shares prior to the beginning of the Class Period therefore, the Westchester Movants' losses are approximately $38,041,115.00 on a LIFO basis or $37,680,465.00 on a FIFO basis. See Kaboolian Decl., Exs. B and C. To the best of their knowledge, the Westchester Movants have the largest financial interest in the relief sought by the Class and therefore are presumptively the most adequate Lead Plaintiff pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The Westchester Movants Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. At

this stage of the action, the Westchester Movants "need only make a preliminary showing that it satisfy the typicality and adequacy requirements of Rule 23". *In re eSpeed, Inc. Sec. Litig.* 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D. N.Y. 1998)

Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the individuals or the group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). Thus, in deciding a lead plaintiff motion, the Court may limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, the Westchester Movants satisfy the typicality and adequacy requirements of Rule 23.

### (a) The Claims of the Westchester Movants are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; (c) and its claims are based on the same legal issues. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). The questions of law and fact common to the class members here, which predominate over questions that may affect individual claims, include: (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of SLM stock was

artificially inflated due to the activities complained of; and (e) the extent of damages class members sustained and the appropriate measure of those damages. The Westchester Movants' claims are typical of the claims of the members of the proposed class. The Westchester Movants, as do all members of the class, allege that certain of SLM's directors and high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about SLM during the Class Period. Further, the Westchester Movants as did all of the members of the proposed class, acquired SLM stock at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by the Westchester Movants are based on the same legal theory and arise "from the same course of conduct, and each class member makes similar legal argument to prove defendants liability." *Drexel Burnham*, 960 at 291.

### (b) The Westchester Movants Will Fairly And Adequately Represent The Interests Of The Class

The interests of Westchester Movants are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between the interests of these individuals and the proposed class members. As detailed above, the Westchester Movants shares substantially similar questions of law and fact with the members of the proposed class, its claims are typical of the members of the class, and it has taken significant steps to advance this litigation. In addition, the Westchester Movants have amply demonstrated their adequacy to serve as class representative by signing a certification affirming their willingness to serve as, and assume the responsibilities of class representative.

Moreover, Westchester Capital is presently the lead plaintiff in a securities class action pending in the Southern District of New York, *Kaplan v. Gelfond*, 2007 U.S. Dist. LEXIS 4446

(S.D.N.Y. 2007), demonstrating that the Westchester Movants have the experience to direct litigation and to ensure adequate representation of a class of investors. The Westchester Movants will ensure that the litigation is conducted in the best interests of the members of the class and are not subject to any unique defenses that would render them incapable of adequately representing the class.

Finally, the Westchester Movants have selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, Westchester Movants should be appointed Lead Plaintiffs in the consolidated action.

## POINT II

### THIS COURT SHOULD APPROVE THE WESTCHESTER MOVANTS' CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. See §21D(a)(3)(B)(v). The Westchester Movants have selected the law firm of Abbey Spanier Rodd & Abrams, LLP to serve as Lead Counsel. Abbey Spanier has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. See Kaboolian Decl. Ex. D.

## CONCLUSION

For the foregoing reasons, the Westchester Movants respectfully requests that the Court: (i) consolidate all related cases (ii) appoint the Westchester Movants as Lead Plaintiffs in the consolidated action; and (iii) approve their choice of Abbey Spanier Rodd & Abrams, LLP as Lead Counsel.

Dated: March 31, 2008

Respectfully Submitted,

**ABBEY SPANIER RODD & ABRAMS, LLP**

By: _____
Arthur N. Abbey
Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
Tel:   (212) 889-3700
Fax:   (212) 684-5191

Counsel for the Westchester Movants and
Proposed Lead Counsel for the Class

Additional Plaintiffs' Counsel

**BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP**
Gerald H. Silk
1285 Avenue of the Americas
New York, New York 10019
jerry@blbglaw.com
Tel: (212) 554-1400
Fax: (212) 554-1444