**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| ROBERT H. BURCH, Individually and on Behalf of All Others Similarly Situated, | : : : | |
| Plaintiff, | : | Case No. 1:08-CV-01029-WHP |
| | : : | |
| vs. | : : | |
| | : | |
| SLM CORPORATION, ALBERT L. LORD, CHARLES ELLIOTT (C.E.) ANDREWS and ROBERT S. AUTOR, | : : : : | |
| Defendants. | : : : | |
| | : | |
| RUSSELL PATRICK, Individually and on Behalf of All Others Similarly Situated, | : : : | |
| Plaintiff, | : | Case No. 1:08-CV-02463-WHP |
| | : : | |
| vs. | : : | |
| | : | |
| SLM CORPORATION, ALBERT L. LORD, CHARLES ELLIOTT (C.E.) ANDREWS and ROBERT S. AUTOR, | : : : : | |
| Defendants. | : : : | |
| | x | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**SLM VENTURE FOR CONSOLIDATION, APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**INTRODUCTION**

Class member SLM Venture hereby moves this Court for entry of an order:  (1) consolidating the above-captioned actions; (2) appointing SLM Venture as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving SLM Venture's selection of Girard Gibbs LLP ("Girard Gibbs") to serve as Lead Counsel pursuant to the PSLRA.

Prior to selecting a Lead Plaintiff, the Court must decide whether to consolidate the two related actions pending before it, *Burch v. SLM Corporation, et al.*, Case No. 1:08-cv-01029-WHP, and *Patrick v. SLM Corporation, et al.*, Case No. 1:08-cv-02464-WHP (collectively, the "Actions").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As soon as practicable after a decision on consolidation has been rendered, the Court must appoint as the Lead Plaintiff the movant or group of movants with the largest financial interest of those seeking such appointment in the litigation and which otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See id.*

SLM Venture submits that the above-captioned actions should be consolidated because they each involve substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).  SLM Venture further submits that it should be appointed Lead Plaintiff because it:  (1) timely filed a motion for appointment of Lead Plaintiff; (2) suffered an approximate loss of $3,910,847.95 in connection with transactions in SLM Corporation common stock during the Class Period, and thus has a substantial financial interest; and (3) will adequately represent the interests of the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  The Court also should approve SLM Venture's selection of Girard Gibbs as Lead Counsel because, under the PSLRA, the presumptive Lead Plaintiff selects Lead Counsel, and Girard Gibbs is experienced in the prosecution of securities class actions and will adequately represent the interests of class members.

**FACTUAL BACKGROUND**

This litigation involves federal class actions filed on behalf of all persons and entities who purchased or otherwise acquired the common stock of SLM Corporation ("Sallie Mae" or

1

the "Company") between January 18, 2007 and January 3, 2008 (the "Class Period"), and who

were damaged thereby.  The Class seeks to pursue remedies under the Securities Exchange Act

of 1934 (the "Exchange Act").  The complaints filed in the Actions set forth the following

allegations.

Sallie Mae, through its subsidiaries, provides education finance in the United States.  The

Company's primary business is to originate and hold student loans.  Sallie Mae provides loans

both through its participation in the Federal Family Education Loan Program and by offering

non-federally guaranteed private education loans.  During the Class Period, Sallie Mae and its

executives ("Defendants") issued materially false and misleading statements regarding Sallie

Mae's business and financial results.  Despite evidence that Sallie Mae's loan loss provisions for

its subprime student loan borrowers attending non-traditional schools were inadequate both prior

to and at the start of the Class Period, Defendants failed to adequately reserve for losses in Sallie

Mae's non-traditional portfolio.  As a result of Defendants' false statements, Sallie Mae's stock

traded at artificially inflated prices during the Class Period, reaching a Class Period high of

$57.98 per share in July 2007.

In an SEC filing on January 3, 2008, the Company announced that it would be "more

selective" in making student loans due to uncertainty in the credit markets and a reduction in the

federal subsidies provided to private companies that make government-back loans.  On this

news, Sallie Mae's stock dropped $2.49 per share, to close at $16.67 per share, a one-day decline

of 15% on volume four times greater than the average three-month volume.  This was the lowest

Sallie Mae's stock had traded since October 2000.

According to the complaints, Defendants knew but suppressed the following facts from

the investing public during the Class Period:  (a) the Company failed to engage in proper due

diligence in originating student loans to subprime borrowers, particularly those attending non-

traditional institutions; (b) the Company was not adequately reserving for uncollectible loans in

its non-traditional portfolio in violation of generally accepted accounting principles, causing its

financial results to be materially misstated; (c) the Company had far greater exposure to

anticipated losses and defaults related to its non-traditional loan portfolio than it had previously disclosed; and (d) given the deterioration and the increased volatility in the subprime market and reductions in federal subsidies, the Company would be forced to tighten its lending standards on both its federal loans and private education loans which would have a direct material negative impact on its loan originations going forward.

## ARGUMENT

### I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R. Civ. P. 42(a).  On March 11, 2008, the Court issued Pretrial Order No. 1 which provides for the consolidation of each related shareholder class action in this District that involves questions of law or fact similar to those in the *Burch* action.

Now pending before this Court are two related actions—*Burch* and *Patrick*—each of which asserts class claims on behalf of investors who purchased or otherwise acquired Sallie Mae common stock for alleged violations of the Exchange Act during an identical Class Period (between January 18, 2007 and January 3, 2008).  The complaints are essentially identical.  The Actions each name the Company and certain of its officers and/or directors as Defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased or otherwise acquired Sallie Mae stock at artificially inflated prices as a result of Defendants' allegedly false and misleading statements, and whether Defendants' conduct violates Sections 10(b) and 20(a) of the Exchange Act.  Consolidation is appropriate where, as here, there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Therefore, the Actions should be consolidated pursuant to Rule 42(a) and Pretrial Order No. 1.

### II.   SLM VENTURE SHOULD BE APPOINTED LEAD PLAINTIFF

SLM Venture is a joint venture of five investors formed for the purpose of investing in Sallie Mae securities.  SLM Venture is managed by an investment professional on behalf of the joint venture.  SLM Venture respectfully submits that it should be appointed Lead Plaintiff

because it has complied with all of the PSLRA's requirements, has demonstrated the largest

financial interest in this litigation, and otherwise meets the relevant requirements of Fed. R. Civ.

P. 23.

### A.     The Procedure Required By the PSLRA

The PSLRA establishes the procedure that governs the appointment of a Lead Plaintiff in

"each private action arising under the [Exchange Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20

days of filing the action, informing class members of their right to file a motion for appointment

as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the first-filed, above-captioned

action caused notice to be published on Business Wire on January 31, 2008.[1]

Second, within 60 days of publishing the notice, any person or group of persons who are

members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether

or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Finally, the PSLRA provides that within 90 days after publication of the notice the Court

shall consider any motion made by a class member and shall appoint as Lead Plaintiff the

member or members of the class that the court determines to be most capable of adequately

representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B).  In determining the

"most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this Act is the person or
> group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to
> a notice . . .
>
> (bb)  in the determination of the court, has the largest financial
> interest in the relief sought by the class; and

---

[1] *See* Declaration of Jonathan K. Levine In Support of The Motion of SLM Venture for
Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel
submitted herewith (the "Levine Decl."), Ex. A.  Unless otherwise indicated, all exhibit
references herein are to the Levine Decl.

(cc) otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See generally Pirelli Armstrong Tire Corp. Retiree Med.*

*Benefits Trust v. LaBranche & Co., Inc.*, No. 03 Civ. 8264, 2004 U.S. Dist. LEXIS 9571, at *17-

23 (S.D.N.Y. May 27, 2004) (Sweet, J.).

### B.    SLM Venture Satisfies The Lead Plaintiff Requirements Of The PSLRA

#### 1.    SLM Venture Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

As notice of the filing of the initial action was published on January 31, 2008, *see* Ex. A,

the time period in which class members may move to be appointed Lead Plaintiff in this case,

under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expires on March 31, 2008.  SLM Venture's

application, filed March 31, 2008, is thus timely.  SLM Venture has reviewed the complaint and

is willing to serve as a representative party on behalf of the Class.  *See* Ex. B (certification of

SLM Venture).  In addition, SLM Venture has selected and retained competent counsel to

represent it and the Class. *See* Ex. C (firm resume of Girard Gibbs).  Accordingly, SLM Venture

has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its

application for appointment as Lead Plaintiff, and its selection of Girard Gibbs as Lead Counsel

approved by the Court.

#### 2.    SLM Venture Has The Requisite Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff, "begins with the

identification of the movant with 'the largest financial interest in the relief sought by the class.'"

*In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (*quoting* 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(bb)).

Courts have employed a four-factor analysis in determining a movant's financial interest.

Under the four-factor analysis, courts consider the following to determine the largest financial

interest:  "(1) the number of shares purchased during the class period; (2) the number of net

shares purchased during the class period; (3) the total net funds expended during the class period;

and (4) the approximate losses suffered." *See Pirelli v. Armstrong Tire Corp. v. LaBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004) (quoting *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 17, 1997)).  The fourth factor of this analysis, "approximate loss," is generally considered most important.  *See Montoya v. Mamma.com, Inc.,* No. 05-cv-2313, 2005 U.S. Dist. LEXIS 10224, at *4 (S.D.N.Y. May 31, 2005) (Baer, J.); *In re Veeco Instruments Inc., Sec. Litig.,* 233 F.R.D. 330 (S.D.N.Y. 2005) (McMahon, J.); *In re eSpeed, Inc. Sec. Litig.,* 232 F.R.D. 95, 100-02 (S.D.N.Y. 2005) (Scheindlin, J.); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 03-cv- 2166, 2004 U.S. Dist. LEXIS 27043, at *23 (N.D. Ohio May 12, 2004).

Under the four-factor analysis, SLM Venture's financial interest may be expressed as follows:

| Total Shares Purchased During Class Period | Net Shares Purchased During Class Period | Net Funds Expended During Class Period | Approximate Loss |
|---|---|---|---|
| 929,963 | 58,990 | $5,062,332.75 | $3,910,847.95 |

As demonstrated herein, SLM Venture has a large financial interest in this case.  *See* Ex. D (analysis of SLM Venture's class period transactions).  Therefore, SLM Venture satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.     SLM Venture Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are

6

typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Pirelli Armstrong Tire Corp.,* 2004 U.S. Dist. LEXIS 9571, at *53. SLM Venture satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 2004 U.S. Dist. LEXIS 9571, at *54; *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 130 (E.D.N.Y. 2003). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted that determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted); *Pirelli Armstrong Tire Corp.,* 2004 U.S. Dist. LEXIS 9571, at *54.

SLM Venture satisfies this requirement because, just like all other Class members, it: (1) purchased or otherwise acquired Sallie Mae common stock during the Class Period; (2) purchased or otherwise acquired Sallie Mae common stock at prices artificially inflated as a result of the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, SLM Venture's claims are typical of those of other Class

members since its claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of SLM Venture to represent the Class to the existence of any conflicts between the interest of SLM Venture and the members of the Class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Babcock*, 212 F.R.D. at 131 (citation omitted).

Here, SLM Venture is an adequate representative of the class. As evidenced by the injury suffered by SLM Venture, who acquired 929,963 shares of Sallie Mae common stock at prices artificially inflated by Defendants' materially false and misleading statements, SLM Venture's interests are aligned with those of Class members, and there is no evidence of any antagonism between their interests. Further, SLM Venture has taken significant steps that demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims and to further investigate the facts giving rise to this action. In addition, as shown below, SLM Venture's proposed Lead Counsel is qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, SLM Venture *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## III.    SLM VENTURE'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

SLM Venture has selected Girard Gibbs to serve as Lead Counsel, subject to Court approval. As demonstrated by its firm resume, Girard Gibbs is experienced in litigating securities class and non-class actions and has successfully prosecuted numerous complex class cases on behalf of injured investors. *See* Ex. C. Accordingly, SLM Venture's selection of Lead Counsel should be approved.

## CONCLUSION

For the foregoing reasons, SLM Venture satisfies the requirements of the PSLRA for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  SLM Venture respectfully requests that this Court:  (1) consolidate the Actions; (2) appoint SLM Venture as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and (3) approve its selection of Girard Gibbs as Lead Counsel.

DATED: March 31, 2008

Respectfully submitted,

**GIRARD GIBBS LLP**

By:  _Jonathan K. Levine_
    Jonathan K. Levine (JL-8390)

Daniel C. Girard
Aaron M. Sheanin
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4500
Facsimile:  (415) 981-4846

**Proposed Lead Counsel**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street, 10th Floor
New York, NY  10004
Telephone:  (212) 584-0757
Facsimile:  (212) 584-0799

**Local Counsel**

9