UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT H. BURCH, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:08-CV-01029-WHP <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| SLM CORPORATION, et al., | : : | |
| Defendants. | : : | |
| RUSSELL PATRICK, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:08-cv-02463-WHP <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| SLM CORPORATION, et al., | : : | |
| Defendants. | : : | |

MEMORANDUM IN SUPPORT OF THE MOTION OF SMW 80 FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court are two-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired SLM Corporation ("Sallie Mae" or the "Company") securities between January 18, 2007 and January 3, 2008, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Sheet Metal Workers' Local No. 80 Pension Trust Fund ("SMW 80") hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint SMW 80 as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve SMW 80's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that SMW 80 is the most adequate plaintiff, as defined by the PSLRA.  SMW 80 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, SMW 80 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

As evidenced by the attached certification, SMW 80 has suffered a substantial loss of $524,143.83 in connection with its purchases of Sallie Mae common stock during the Class Period.

*See* Rosenfeld Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, SMW 80, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND[2]

Sallie Mae, through its subsidiaries, provides education finance in the United States. It originates and holds student loans by providing funding, delivery, and servicing support for education loans through its participation in FFELP and through offering non-federally guaranteed private education loans. The Company primarily markets its FFELP Stafford and private education loans through on-campus financial aid offices. It also engages in a debt management operations business, which provides a range of accounts receivable and collections services, including student loan default aversion services, defaulted student loan portfolio management services, contingency collections services for student loans and other asset classes, and accounts receivable management and collection for purchased portfolios of receivables. In addition, the Company purchases and manages sub-performing and non-performing mortgage loans. Further, it provides a range of other financial services, processing capabilities, and information technology to educational institutions, lenders, students and their families, and guarantee agencies.

---

[1]   References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld dated March 31, 2008 and submitted herewith.

[2]   These facts are drawn from the allegations in the complaint captioned *Burch et al. v. SLM Corporation, et al.*, Civil Action No. 1:08-cv-01029-WHP (the "*Burch* Action").

The complaint charges Sallie Mae and certain of its officers and directors with violations of the Securities Exchange Act of 1934. The complaint alleges that, during the class period, defendants issued a series of materially false and misleading statements regarding the Company's increasing financial performance. These statements were each materially false and misleading when made because they failed to disclose and/or misrepresented the following adverse facts, among others: (a) that the Company failed to engage in proper due diligence in originating student loans to subprime borrowers, particularly those attending non-traditional institutions; (b) that the Company was not adequately reserving for uncollectible loans in its non-traditional portfolio in violation of GAAP, causing its financial results to be materially misstated; (c) that the Company failed to disclose known trends and uncertainties as required by SEC regulations concerning collection issues with its non-traditional loan portfolio; (d) that the Company had far greater exposure to anticipated losses and defaults related to its nontraditional loan portfolio than it had previously disclosed; (e) that the Company's business model was unprepared for legislative changes that would result in a reduction in federal student lender rate subsidies and an increase in lender risk to a much greater extent than represented by defendants; (f) that given the deterioration and the increased volatility in the subprime market and reductions in federal subsidies, the Company would be forced to tighten its lending standards on both its federal loans and private education loans which would have a direct material negative impact on its loan originations going forward; and (g) that given the increased volatility in the subprime market and reductions in federal subsidies, the Company had no reasonable basis to make projections about its ability to maintain its current student loan production levels or its ability to manage its costs.

As a result of defendants' false statements, Sallie Mae's stock price traded at inflated levels during the Class Period. However, after the above revelations seeped into the market, the

Company's shares were hammered by massive sales, sending them down more than 71% from their Class Period and near all time high of $57.98 per share in July 2007.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of Sallie Mae common stock for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Sallie Mae common stock during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Sallie Mae securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.    SMW 80 Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Burch* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business oriented newswire service, on January 31, 2008. *See* Rosenfeld Decl. Ex. A. Within 60 days after

- 4 -

publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. SMW 80 Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. SMW 80 Has Complied With the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u 4(a)(3)(A) and (B) expires on March 31, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on January 31, 2008), SMW 80 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

SMW 80 has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Rosenfeld Decl. Ex. C. In addition, SMW 80 has selected and retained competent counsel to represent itself and the class. *See* Rosenfeld Decl. Ex. D. Accordingly, SMW 80 has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

      **b.**      **SMW 80 Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. SMW 80, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*.

      **c.**      **SMW 80 Has the Requisite Financial Interest In the Relief Sought By the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Rosenfeld Decl. Ex. C., SMW 80 purchased Sallie Mae common stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, SMW 80 incurred a substantial loss of $524,143.83 on its transactions in Sallie

Mae common stock. SMW 80 thus has a significant financial interest in this case. Therefore, SMW 80 satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.    SMW 80 Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 11, 1997). SMW 80 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the

generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, *18.

SMW 80 satisfies this requirement because, just like all other class members, it: (1) purchased Sallie Mae common stock during the Class Period; (2) purchased Sallie Mae common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, SMW 80's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of SMW 80 to represent the class to the existence of any conflicts between the interest of the SMW 80 and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02-md-1472, 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, SMW 80 is an adequate representative of the class. As evidenced by the injuries suffered by SMW 80, who purchased Sallie Mae common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of SMW 80 are

clearly aligned with the members of the class, and there is no evidence of any antagonism between the SMW 80's interests and those of the other members of the class. Further, SMW 80 has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, SMW 80's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, SMW 80 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C.  The Court Should Approve SMW 80'S Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, SMW 80 has selected the law firm of Coughlin Stoia as Lead Counsel. Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions. *See* Rosenfeld Decl. Ex. D. Accordingly, the Court should approve SMW 80's selection of counsel.

### IV.  CONCLUSION

For all the foregoing reasons, SMW 80 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint SMW 80 as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: March 31, 2008               COUGHLIN STOIA GELLER
                                      RUDMAN & ROBBINS LLP
                                    SAMUEL H. RUDMAN
                                    DAVID A. ROSENFELD


                                    _____/s/David A. Rosenfeld_____
                                            David A. Rosenfeld

        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        [Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on March 31, 2008, I caused a true and correct copy of the attached:

> Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Memorandum In Support Of The Motion Of SMW 80 For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and
>
> Declaration Of David A. Rosenfeld In Support Of The Motion Of SMW 80 For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *David A. Rosenfeld*
David A. Rosenfeld

SALLIE MAE
Service List - 3/31/2008    (08-0020)
Page 1 of 1

**Counsel For Defendant(s)**

Laurie B. Smilan
Abid R. Qureshi
Latham & Watkins LLP
11955 Freedom Drive, Suite 500
Reston, VA  20191-5651
   703/456-1000
   703/456-1001 (Fax)

Jeffrey G. Hammel
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4802
   212/906-1200
   212/751-4864 (Fax)

Peter A. Wald
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
   415/391-0600
   415/395-8095 (Fax)

**Counsel For Plaintiff(s)**

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA  30338
   770/392-0090
   770/392-0029 (Fax)

Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
   412/391-5164
   412/471-1033 (Fax)