UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT H. BURCH, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SLM CORPORATION, ALBERT L. LORD, CHARLES ELLIOTT (C.E.) ANDREWS and ROBERT S. AUTOR,<br><br>Defendants. | Civil Action No. 08-cv-01029 (WHP)<br><br>ECF Case |
| RUSSEL PATRICK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SLM CORPORATION, ALBERT L. LORD, CHARLES ELLIOTT (C.E.) ANDREWS and ROBERT S. AUTOR,<br><br>Defendants. | Civil Action No. 08-cv-02463 (WHP)<br><br>ECF Case |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE MOTION OF WESTCHESTER CAPITAL MANAGEMENT, INC.
AND GREEN & SMITH INVESTMENT MANAGEMENT L.L.C.
FOR APPOINTMENT AS LEAD PLAINTIFFS AND IN OPPOSITION
TO THE COMPETING MOTIONS**

## I.    INTRODUCTION

Westchester Capital Management, Inc. ("Westchester Capital") and Green & Smith Investment Management L.L.C. ("G&S") (hereinafter, the "Westchester Movants") respectfully submit this memorandum in further support of their motion for consolidation, to be appointed as the Lead Plaintiffs and for approval of their choice of counsel as Lead Counsel. The criterion for the appointment of the Lead Plaintiff set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA") is clear and unequivocal. The PSLRA mandates that the Court appoint as Lead Plaintiff the "most adequate plaintiff," which is presumed to be the person or group of persons with "the largest financial interest in the relief sought by the class" that satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Currently before the Court are three motions for appointment of Lead Plaintiff:

- The Westchester Movants who suffered losses of approximately $38,041,115.00 on a last-in, first-out basis ("LIFO") and $37,680,465.00 on a first-in, first-out ("FIFO") basis in connection with their purchases of the securities of SLM Corporation ("SLM") during the relevant time period;[1]

- SLM Venture, which claims losses of $3,910,847.95; and

- Sheet Metal Workers' Local No. 80 Pension Trust Fund ("SMW 80"), which claims losses of $524,143.83.

There is no dispute that the Westchester Movants have sustained, by far, the largest loss of any movant and therefore are entitled to the presumption of the most adequate plaintiff.

---

[1] Based on their research and analysis of the action, the Westchester Movants believe that as a result of statements by SLM after January 3, 2008, the class period may be extended to January 23, 2008 and therefore submitted their opening brief and loss calculation chart using that date as the last day of the class period. However, the Notice of this action published in accordance with the PSLRA stated that the class period was from January 18, 2007 through January 3, 2008 ("Class Period"). Therefore the Westchester Movants have submitted their financial information for the noticed Class Period. Based on the Class Period set forth in the Notice to the class, the Westchester Movants still have the largest financial interest with losses of $37,819,479.89 on a FIFO basis and $38,150,550.66 on a LIFO basis. See Exhibit A to the Declaration of Nancy Kaboolian submitted in further support of the Westchester Movants' motion to be appointed Lead Plaintiff ("Kaboolian Decl. Ex ___").

1

Under well-settled law that governs in this Court and elsewhere, the Westchester Movants are presumptively the most adequate plaintiffs and should be appointed as Lead Plaintiffs promptly so that the consolidated action may proceed. Accordingly, the Westchester Movants respectfully request that the Court grant their motion to be appointed Lead Plaintiffs, and approve their selection of Lead Counsel.[2]

## II. ARGUMENT

### A. THE WESTCHESTER MOVANTS ARE PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFFS

#### 1. The Westchester Movants Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff… is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). Therefore, this Court must first determine which of the competing movants has "the largest financial interest" in the litigation. *Sofran v. LaBranche & Co., Inc.* 220 F.R.D. 398, 401 –2 (S.D.N.Y. 2004) ("Once…the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.")

Westchester Capital and G&S are related investment managers with full discretion and control over all investments made by the funds for which they act as advisers. The Westchester Movants acquired 4,439,750 shares of SLM during the Class Period, expending $216,366,581.00 and they sold 2,866,773 shares during the Class Period for $145,933,389.[3] *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 404 (S.D.N.Y.

---

[2] All movants also agree that the cases should be consolidated.
[3] The Westchester Movants held more SLM shares at the end of the Class Period than SLM Venture and SMW 80 combined purchased during the Class Period.

2

2004); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007*)*. The Westchester Movants did not hold any SLM shares prior to the beginning of the Class Period therefore, the Westchester Movants' losses are approximately of $37,819,479.89 on a FIFO basis or $38,150,550.66 on a LIFO basis for the Class Period. Kaboolian Decl. Ex. A. The losses of SLM Venture, at $3,917,331.63 and SWM 80 at $524,491.16, are miniscule in comparison.[4] Because the Westchester Movants have, by a significant margin, the largest loss in either potential class period, the Westchester Movants are therefore the presumptively the most adequate Lead Plaintiffs.

### 2. The Westchester Movants Satisfy Rule 23

Upon completing the first step of the analysis, designating a presumptive lead plaintiff, the Court then conducts a second inquiry in which members of the class have the opportunity to rebut the chosen lead plaintiff's presumptive status. This presumption may be rebutted upon proof that the presumptively most adequate lead plaintiff – (aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. 78u-4(a)(3)(B)(iii)(II). As detailed in their opening brief and herein, the Westchester Movants *prima facie* satisfy the typicality and adequacy requirements of Rule 23.

The PSLRA further provides that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires that a class satisfy four criteria: numerosity, commonality, typicality, and adequacy. However, "[o]f the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of

---

[4] Of the four factors that courts in this District examine to determine a lead plaintiff applicant's financial interest, the claimed loss is by far the most significant. *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319 (S.D.N.Y 2004).

3

the class representative." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)(citations omitted). "Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Id.* (internal quotation marks and citations omitted); *see also Corwin v. Seizinger*, No. 07 Civ. 6728 (DC), 2008 U.S. Dist. LEXIS 3045, at *6 (S.D.N.Y Jan 8, 2008). At this preliminary stage, a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23. *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). As long as the Westchester Movants *prima facie* satisfy Rule 23, they remain the presumptive Lead Plaintiff.

The Westchester Movants easily satisfy the typicality requirement of Rule 23 at this preliminary stage. A lead plaintiff's claims are typical if they arise from the same course of conduct and the same operative facts that damaged the entire Class. *See Weinberg*, 216 F.R.D. at 253 (movant's claims do not need to be identical to the other Class members' claims); *see also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y 2002) (typicality exists where movant's claims "arise from the same conduct from which the other class members' claims and injuries arise.").

The claims of the Westchester Movants are typical of the claims of the members of the proposed class. As do all members of the class, they assert that certain of SLM directors and high ranking officers violated the federal securities laws by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about SLM. Further, as did all of the members of the proposed class, the Westchester Movants acquired SLM stock at prices inflated by defendants' misrepresentations and omissions and suffered damages as a

4

result. Thus, their claims are typical of the claims of the other class members because they arise out of the same course of events and are based on the same legal theory.

Likewise, the Westchester Movants will be adequate Lead Plaintiffs. "Representation is adequate when counsel for the class is qualified and competent, the representative's interest are not antagonistic to the interests of the absent class members, and it is unlikely that the action is collusive." *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319 (S.D.N.Y 2004). Here, there is no evidence of any antagonism between the Westchester Movants and the proposed class members. As detailed in its opening motion and herein, the Westchester Movants assert claims that hinge on the same questions of law and fact as the claims to be pursued by the members of the proposed class, their claims are typical of the claims of the class, and they have taken significant steps to advance this litigation.

"In evaluating adequacy, courts have assessed factors such as: (1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In Re Smith Barney Transfer Agent Litigation*, 05 Civ. 75, 83, 2006 U.S. Dist. LEXIS 19728 at * 13 (S.D.N.Y April 17, 2006)(Pauley); *citing Barnet v. Elan Corp*, 05 Civ. 2860, 2005 U.S. Dist. LEXIS 16388 at *16, S.D.N.Y. Aug. 8, 2005); *see also Xianglin Shi v. SINA Corp.*, No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176, at *9 (S.D.N.Y. July 1, 2005). Both the Westchester Movants and their counsel possess the resources and experience necessary to lead the class. Indeed, Westchester Capital is presently the lead plaintiff in a securities class action pending in the Southern District of New York, *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007), demonstrating that the Westchester Capital has the experience to direct litigation and to ensure adequate representation of a class of investors. Kaboolian Decl.

5

Ex. B. The Westchester Movants will ensure that the litigation is conducted in the best interests of the members of the class and are not subject to any unique defenses that would render them incapable of adequately representing the class.

Finally, the Westchester Movants have selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. The Westchester Movants have selected the law firm of Abbey Spanier Rodd & Abrams, LLP to serve as Lead Counsel. Abbey Spanier has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.

## CONCLUSION

For the reasons set forth in its opening motion and herein, the Westchester Movants respectfully request that the Court: (i) appoint Westchester Capital and G&S as Lead Plaintiffs in the consolidated Class Action; and (ii) approve their choice of Abbey Spanier Rodd & Abrams, LLP to serve as Lead Counsel.

Dated: April 17, 2008

ABBEY SPANIER RODD & ABRAMS, LLP

By: _____
Arthur N. Abbey
Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
Tel:    (212) 889-3700
Fax:   (212) 684-5191

Counsel for the Westchester Movants and Proposed Lead Counsel for the Class

Additional Plaintiffs' Counsel

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Gerald H. Silk
1285 Avenue of the Americas
New York, New York 10019
jerry@blbglaw.com
Tel: (212) 554-1400
Fax: (212) 554-1444

7