UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT H. BURCH, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>  vs.<br><br>SLM CORPORATION, et al.,<br><br>             Defendants. | Civil Action No. 1:08-CV-01029-WHP<br><br>CLASS ACTION |
| RUSSELL PATRICK, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>  vs.<br><br>SLM CORPORATION, et al.,<br><br>             Defendants. | Civil Action No. 1:08-cv-02463-WHP<br><br>CLASS ACTION |

MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF SHEET METAL
WORKERS' LOCAL NO. 80 PENSION TRUST FUND FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD
COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS

Institutional Investor Sheet Metal Workers' Local No. 80 Pension Trust Fund ("SMW 80") respectfully submits this Memorandum of Law in Further Support of Its Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of its Selection of Lead Counsel and in Opposition to the Competing Motions.

## I.   PRELIMINARY STATEMENT

On March 31, 2008, three motions were filed in the above-captioned actions, each one seeking consolidation of the related actions, appointment of the respective movant as Lead Plaintiff and approval of each movant's selection of Lead Counsel. The movants are as follows: (1) SMW 80; (2) Westchester Capital Management, Inc. ("Westchester Capital") and Green & Smith Investment Management L.L.C. ("G&S") (collectively, the "Westchester Movants"); and (3) SLM Venture.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets forth a formula for determining which putative class member should be appointed as lead plaintiff. This formula requires courts to consider which movant, among all of the competing movants, "has the largest financial interest in the relief sought by the class," 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb), **and** "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Once the court determines which movant has the "largest financial interest," the court then grants that movant the rebuttable presumption of "most adequate plaintiff." However, this presumption can be rebutted by demonstrating that the presumptively "most adequate plaintiff" cannot fairly and adequately represent the class, or is "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Although the other two movants report a larger financial interest than SMW 80, SMW 80, with a loss of $524,143.83, is the only movant who can adequately represent the Class in this action. The Westchester Movants, who claim to have the largest financial interest, have grossly overstated

the size of their financial interest because the losses that they claim are not their own, but rather belong to their clients, and their clients are not seeking to be appointed lead plaintiffs here. Moreover, they have not provided any evidence that their clients authorized them to seek lead plaintiff status on their behalf. The Westchester Movants therefore lack standing to sue or seek lead plaintiff status in this case. *See In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 357-58 (S.D.N.Y. 2002) (refusing to appoint as lead plaintiff or class representative an investment advisor who had not purchased the stock for its own behalf, but rather for the accounts of its clients).

SLM Venture, the other competing movant, has failed to provide the Court with any information about what or who it is. Absent any of this information, how can the Court possibly determine if it is adequate to represent the interests of the Class? While SLM Venture claims to be a joint venture of five investors, which is managed by an investment professional, the identities of those investors have not been disclosed. Moreover, there is no evidence that Sam Sotoodeh, who signed the certification on behalf of SLM Venture, has the requisite authority to pursue this action on its behalf. Is he one of the five investors or is he the investment professional who made the purchases? It is also unknown if the investors in SLM Venture have additional undisclosed trades in SLM which may have resulted in gains, reducing their reported losses. The fact that none of this information was provided in connection with SLM Venture's motion raises serious doubts about its adequacy to vigorously represent the interests of the Class. Its motion should therefore be denied.

For these reasons, and as set forth herein in more detail, it is respectfully submitted that the motion of SMW 80 be granted in all respects and that the Court appoint it as Lead Plaintiff and approve its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel, and deny the competing motions.

**II.    ARGUMENT**

    **A.    The PSLRA Framework**

Section 21D of the PSLRA provides that in securities class actions, "courts shall appoint as Lead Plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; **and**
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added).

Pursuant to the PSLRA, once a court finds that a movant has the largest financial interest in the litigation, the court affords that movant a rebuttable presumption as most adequate plaintiff. Once the rebuttable presumption described in the PSLRA is established, it "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*.

While the other two investor movants purport to claim a larger financial interest, and one of them would therefore be afforded the rebuttable presumption, it is important to note that this presumption can be rebutted, and very often is. For the reasons set forth herein, it is respectfully

submitted that any presumption afforded to the other movants has been adequately rebutted. Accordingly, the motion of SMW 80 should be granted.

### B. SMW 80 Is Otherwise Adequate and Typical and Should Be Appointed Lead Plaintiff

In addition to being the only institutional investor and the only movant who has held all of its shares in Sallie Mae throughout the Class Period, SMW 80 also satisfies the typicality and adequacy requirements of Rule 23. The claims of SMW 80 are typical of the claims of the rest of the Class because, just like all other Class members, it: (1) purchased Sallie Mae shares during the Class Period; (2) purchased Sallie Mae shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, SMW 80's claim is typical of those of other Class members since its claim and the claims of other Class members arise out of the same course of events.

SMW 80 is also an adequate representative of all members of the Class. As evidenced by the injuries suffered by SMW 80, who purchased Sallie Mae shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of SMW 80 are clearly aligned with the interests of *all* the members of the Class, and there is no evidence of any antagonism between SMW 80's interests and those of the other members of the Class. Further, SMW 80 has taken significant steps which demonstrate that it will protect the interests of the Class: it has retained highly qualified and experienced counsel to prosecute these claims. Thus, SMW 80 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## C.     The Competing Movants Are Subject to Unique Defenses

### 1.     The Westchester Movants Are Investment Advisors Who Do Not Have a Financial Interest in this Litigation

Although the Westchester Movants claim to have a financial interest that is larger than that of SMW 80, the Westchester Movants are investment advisors who do not have any claim for damages against defendants in this action. The Westchester Movants did not purchase shares of Sallie Mae for their ***own account,*** as SMW 80 did, and therefore have no financial interest in this case.

The Westchester Movants manage investment assets for individuals, trusts, corporations, IRA's, pension plans and profit sharing plans. The Westchester Movants make money by providing investment advice to their clients. Their fee is based on the total asset value of the account at the end of a quarterly billing cycle.

While the PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," 15 U.S.C. §78u-4(a)(3)(B)(i), it is obvious that any lead plaintiff selected by the Court necessarily must be a member of the purported class. Since these investment advisors are not the ones who actually purchased the stock – rather certain of their unidentified clients did – they have no valid claim to make against defendants. Indeed, numerous courts have recognized this and refused to appoint these types of investment advisors as lead plaintiffs.[1] *See In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005) ("In order for an investment advisor to attain standing on behalf of investors the transactions in question must have been executed as if by

---

[1]     It is unknown which investment advisors and which clients the Westchester Movants are purporting to represent. This leads to the risk that if there is a recovery in this action, their clients will submit proofs of claim independently of their investment advisors, resulting in double-dipping of their claims and thereby reducing the amount or recovery available to the rest of the Class.

a single person. Moreover, the advisor must be the attorney in fact for his clients, and he must be granted both unrestricted decision-making authority and the specific right to recover on behalf of his clients."); *In re Turkcell Iletisim Hizmetler,* 209 F.R.D. at 357-58 (refusing to appoint as lead plaintiff or class representative an investment advisor which had not purchased the stock for its own behalf, but rather for the accounts of its clients); *see also In re Tyco Int'l, Ltd. Multidistrict Litig.*, 236 F.R.D. 62, 72-73 (D.N.H. 2006) (refusing to certify as class representative an investment advisor who did not suffer its own losses); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002) (investment advisor "may not bring the action on behalf of its clients because it did not function as a 'single investor' and it has not submitted any evidence that it received permission to move on its clients' behalf"); *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 783-84 (N.D. Ill. 2000) (finding investment manager with the largest aggregate losses was not the most adequate plaintiff because, among other things, it was not buying the stock in question for its own account, but rather for investors who were participants in the managed funds); *Davidson v. Belcor, Inc.*, 933 F.2d 603, 606 (7th Cir. 1991) ("only actual purchasers and sellers of securities have standing to pursue private causes of action under the anti-fraud provisions of the Securities Exchange Act").[2]

      Accordingly, the motion of the Westchester Movants should be denied.

---

[2]    As set forth on its certification, Westchester Capital is currently serving as lead plaintiff in *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007). However, in what appears to be a concern about its ability to be certified as a class representative, it has named The Steelworkers Pension Trust, a competing movant in that case, as a class representative. The Class should not be burdened with a lead plaintiff who cannot, on its own, adequately represent the interests of the Class.

## 2. The Lack of Information Provided In the Motion of SLM Venture Makes It Impossible to Determine Its Adequacy

SLM Venture claims to represent the second largest financial interest among the competing movants. While the size of its losses may appear to justify it becoming the presumptive lead plaintiff (after the presumption of the Westchester Movants has been rebutted), there is nothing in the record to evidence that it is adequate to represent the Class or that its purchases were typical of the rest of the Class. All that we know is that it is a group of five investors whose investment was managed by an investment professional and that someone named Sam Sotoodeh (without any indication of who he is or what authority he has) signed the certification on its behalf. Also, if its name is any indication, it appears that SLM Venture was created for the purpose of investing in SLM, or Sallie Mae, stock.

By providing other class members with an opportunity to rebut the presumption afforded to the presumptive lead plaintiff, Congress intended that investors seeking appointment as lead plaintiff provide sufficient information with the filing of their motion so that other class members could make a determination about their adequacy and typicality. By not initially disclosing the identities of its five investors, SLM Venture is needlessly delaying the resolution of the lead plaintiff motions, thereby demonstrating its inadequacy to vigorously represent the interests of the Class.[3]

Accordingly, the motion of SLM Venture should be denied.

---

[3] At the very least, in order to determine if SLM Venture is an adequate and typical representative of the Class, the Court should permit limited discovery of the members of SLM Venture. *See Brown v. Biogen IDEC, Inc.*, No. 05-10400-RCL, 2005 U.S. Dist. LEXIS 19350, at *7 (D. Mass. July 26, 2005) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iv)) (allowing discovery of lead plaintiff movant when a movant sets forth "a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class").

### III. CONCLUSION

For all the foregoing reasons, SMW 80 respectfully requests that the Court: (i) consolidate the actions; (ii) appoint it as Lead Plaintiff in the actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: April 17, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

/S/ Samuel H. Rudman
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Samuel H. Rudman, hereby certify that, on April 17, 2008, I caused a true and correct copy of the attached:

> Memorandum in Further Support of the Motion of Sheet Metal Workers' Local No. 80 Pension Trust Fund for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel and in Opposition to the Competing Motions

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Samuel H. Rudman*
Samuel H. Rudman

SALLIE MAE
Service List - 4/2/2008  (08-0020)
Page 1 of 2

**Counsel For Defendant(s)**

Laurie B. Smilan
Abid R. Qureshi
Latham & Watkins LLP
11955 Freedom Drive, Suite 500
Reston, VA  20191-5651
  703/456-1000
  703/456-1001 (Fax)

Jeffrey G. Hammel
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4802
  212/906-1200
  212/751-4864 (Fax)

Peter A. Wald
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
  415/391-0600
  415/395-8095 (Fax)

**Counsel For Plaintiff(s)**

Arthur N. Abbey
Nancy Kaboolian
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY  10016
  212/889-3700
  212/684-5191 (Fax)

Gerald H. Silk
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave of the Americas, 38th Fl.
New York, NY  10019
  212/554-1400
  212/554-1444 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Daniel C. Girard
Jonathan K. Levine
Aaron M. Sheanin
Girard Gibbs LLP
601 California Street, Suite 1400
San Francisco, CA  94108
  415/981-4800
  415/981-4846 (Fax)

SALLIE MAE

Service List - 4/2/2008    (08-0020)

Page 2 of 2

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA  30338
   770/392-0090
   770/392-0029 (Fax)

Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
   412/391-5164
   412/471-1033 (Fax)

Christopher A. Seeger
Stephen A. Weiss
David R. Buchanan
Seeger Weiss LLP
1 William Street
New York, NY  10004-2502
   212/584-7000
   212/584-0799 (Fax)