UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x
ROBERT H. BURCH, Individually and on      :    Civil Action No. 1:08-CV-01029-WHP
Behalf of All Others Similarly Situated,   :
                                          :    CLASS ACTION
                  Plaintiff,              :
                                          :
          vs.                             :
                                          :
SLM CORPORATION, et al.,                  :
                                          :
                  Defendants.             :
—————————————————       :
RUSSELL PATRICK, Individually and on      :    Civil Action No. 1:08-cv-02463-WHP
Behalf of All Others Similarly Situated,   :
                                          :    CLASS ACTION
                  Plaintiff,              :
                                          :
          vs.                             :
                                          :
SLM CORPORATION, et al.,                  :
                                          :
                  Defendants.             :
—————————————————— x


REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF
SHEET METAL WORKERS' LOCAL NO. 80 PENSION TRUST FUND
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

Institutional Investor Sheet Metal Workers' Local No. 80 Pension Trust Fund ("SMW 80") respectfully submits this Reply Memorandum of Law in Further Support of Its Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of its Selection of Lead Counsel.

## I.    PRELIMINARY STATEMENT

Although both Westchester Capital Management, Inc. and Green & Smith Investment Management L.L.C. (collectively, the "Westchester Movants") and SLM Venture claim to have larger financial interests in the litigation, neither satisfies the requirements of Federal Rule of Civil Procedure 23, and therefore they cannot be appointed as Lead Plaintiff.

As explained in detail in the memoranda in opposition to the competing motions, the Westchester Movants do not have "a dog in this fight" because they are not the ones on whose behalf the stock at issue was purchased in this case. The stock was purchased for their clients and there has been no evidence offered to demonstrate that they are authorized by their clients to pursue this case on their behalf. Where is the client agreement that supposedly provides them with this authority? Such a document, if it says what the Westchester Movants claim it says, should be relatively simple to produce. Yet, after several rounds of briefing, no such document has been provided.

Regardless, even if some type of evidence is offered, the Westchester Movants are still unable to be appointed as Lead Plaintiffs here because they are subject to unique defenses. Specifically, by engaging in a unique trading strategy called merger arbitrage, the purchases of the Westchester Movants are atypical of the rest of the Class, who made their purchases based on traditional trading patterns. Moreover, the Westchester Movants are inadequate to represent the interests of the Class because they made statements to their clients (which were publicly filed) that directly contradict the claims made in this action. As detailed further herein, the Westchester Movants attribute their losses to poor management mistakes by certain of the defendants, and their own poor assessment of the situation, rather than to fraud, which is what is alleged in the complaints.

Defendants will likely respond to the allegations of fraud by the Westchester Movants with their own statements admitting that the fraud was not the fault of defendants. Thus, the Westchester Movants cannot properly represent the interests of the Class here.

SLM Venture, the other Lead Plaintiff movant, has still not submitted any further details about its composition or the authority of the signatory of its certification to pursue this action on its behalf. Since no such information has been provided, it is impossible to make a determination if SLM Venture is adequate to represent the Class. Its motion should therefore be denied.

Accordingly, for these reasons, and as set forth in its prior submissions, SMW 80 respectfully requests that the Court grant its motion in full.

## II.    ARGUMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that the Court appoint as lead plaintiff the movant that has the largest financial interest in the litigation, **and that also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure**. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (emphasis added). Although the Westchester Movants and SLM Venture claim to have larger financial interests in the litigation, neither satisfies Rule 23, and therefore they cannot be appointed as Lead Plaintiff. *See* Memorandum of Law in Further Support of its Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of its Selection of Lead Counsel and in Opposition to the Competing Motions, filed on April 17, 2008 at 1-2, 5-7; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (movant cannot be appointed as lead plaintiff if it "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class").

A.      **The Westchester Movants Have Not Proffered Sufficient Evidence of their Authority to Pursue this Litigation**

The Westchester Movants have grossly overstated the size of their financial interest because the losses that they claim are not their own, but rather belong to their clients, and their clients are not seeking to be appointed Lead Plaintiffs here.  Moreover, they have not provided any evidence, such as a client agreement, that states that their clients authorized them to seek Lead Plaintiff status on their behalf.  The Westchester Movants therefore lack standing to sue or seek Lead Plaintiff status in this case.[1]  *See In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005) ("In order for an investment advisor to attain standing on behalf of investors the transactions in question must have been executed as if by a single person. Moreover, the advisor must be the attorney in fact for his clients, and he must be granted both unrestricted decision-making authority and the specific right to recover on behalf of his clients."); *In re Turkcell Iletisim Hizmetler,* 209 F.R.D. at 357-58 (refusing to appoint as lead plaintiff or class representative an investment advisor which had not purchased the stock for its own behalf, but rather for the accounts of its clients).[2]

---

[1]     While the Westchester Movants are quick to claim that Westchester Capital's service as lead plaintiff in *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007) demonstrates that it "has the experience to direct litigation and to ensure adequate representation of a class of investors," *see* Memorandum of Law in Further Support of the Motion of Westchester Capital Management, Inc. and Green & Smith Investment Management L.L.C. for Appointment as Lead Plaintiffs and in Opposition to the Competing Motions, filed April 17, 2008, at 5, they neglect to mention that the *Kaplan* Action is only in the preliminary stages, with a motion to dismiss currently pending, thereby providing no evidence that it has any experience in successfully directing litigation and adequately representing a class of investors.

[2]     *See also In re Tyco Int'l, Ltd. Multidistrict Litig.*, 236 F.R.D. 62, 72-73 (D.N.H. 2006) (refusing to certify as class representative an investment advisor who did not suffer its own losses); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 634 (D.N.J. 2002) (investment advisor "may not bring the action on behalf of its clients because it did not function as a 'single investor' and it has not submitted any evidence that it received permission to move on its clients' behalf"); *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780, 783-84 (N.D. Ill. 2000) (finding investment manager with the largest aggregate losses was not the most adequate plaintiff because, among other

**B.      The Westchester Movants Are Subject to Unique Defenses**

**1.      The Westchester Movants are Atypical**

The Westchester Movants have conceded that they are atypical investors and did not rely on the false and misleading statements that are at the heart of this lawsuit.  The Westchester Movants represent funds which engage in a unique trading strategy called merger arbitrage.  In a merger arbitrage transaction, an investor, usually a hedge fund, makes a gamble that an announced merger will happen.  In a proposed cash merger, like that of Sallie Mae, an acquirer proposes to purchase the shares of the target for a certain price in cash. Until the acquisition is completed, the stock of the target typically trades below the purchase price. An arbitrageur, like the funds managed by the Westchester Movants, buys stock of the target (Sallie Mae) and makes a gain if the acquirer ultimately buys the stock.  In the case at hand, the Westchester Movants, unlike most members of the proposed Class, purchased Sallie Mae solely speculating that the proposed merger with J.C. Flowers and Co. ("J.C. Flowers") would happen.[3]  Their claims are therefore atypical of the rest of the Class.

Indeed, these unique defenses will likely distract the parties from the underlying litigation and harm the Class members whom the Westchester Movants seek to represent. *See In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 437 (E.D. Va. 2000) (denying the appointment of a hedge fund because it "engages in transactions far beyond the scope of what a typical investor contemplates."); *In re Terayon Commc'ns Sys., Sec. Litig.*, No. C 00-01967 MHP, 2004 U.S. Dist.

---

things, it was not buying the stock in question for its own account, but rather for investors who were participants in the managed funds); *Davidson v. Belcor, Inc.*, 933 F.2d 603, 606 (7th Cir. 1991) ("only actual purchasers and sellers of securities have standing to pursue private causes of action under the anti-fraud provisions of the Securities Exchange Act").

[3]      As further evidence of this strategy, the Westchester Movants only began purchasing Sallie Mae stock on April 16, 2007 – the date on which Sallie Mae announced that J.C. Flowers would purchase the Company for $60 per share.

LEXIS 3131, at *24 (N.D. Cal. Feb. 23, 2004) (failing to appoint a movant who engages in unique trading strategies because of the potential "seeds of discord between lead plaintiffs and the remaining plaintiffs"); *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d at 784 (declining to appoint a hedge fund as Lead Plaintiff who engaged in unique trading strategies); *In re Safeguard Scientifics*, 216 F.R.D. 577, 582-583 (E.D. Pa. 2003) (denying lead plaintiff's motion for class certification due to lead plaintiff's unique trading strategy and citing that lead plaintiff would not be able to prove reliance, which would "impose an unnecessary disadvantage on the class.").

**2.     The Westchester Movants Are Inadequate**

The Westchester Movants are also inadequate to represent the Class because they contend that their loss in Sallie Mae was attributable to a "major strategic blunder" by Defendant Lord to decline the revised takeover proposal by J.C. Flowers, and not the result of fraud, which is what the Class has alleged. *See* Ex. B to the Declaration of Jonathan K. Levine in Support of the Response of SLM Venture to Cross-Motions for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, filed on April 17, 2008. The Westchester Movants further acknowledge that the extent of their losses are their own fault, rather than defendants', stating: "[o]ur worst mistake in this situation – **and we made several** – was underestimating the downside risk in Sallie Mae in the event of a failed deal." (Emphasis added.). *Id.* Defendants will likely respond to any claims of fraud by the Westchester Movants by stating that the Westchester Movants admitted that the fraud was not the fault of defendants. The Westchester Movants are therefore inadequate to represent the Class. *See In re Bally Total Fitness Secs. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005) (declining to appoint the presumptive lead plaintiff movant whose unique trading strategy would likely subject it to the unique defense regarding loss causation and stating that the "time and attention [the movant] would be required to devote to the loss

causation issue (not to rebut a defense, but to prove its case) would distract it from the claims of the rest of the class."). Accordingly, their motion should be denied.

### C.    SLM Venture Has Not Provided Sufficient Information About Itself, Rendering It Inadequate to Represent the Class

SLM Venture, the other competing movant, has failed to provide the Court with any information that will allow the Court to determine if it is adequate to represent the interests of the Class. As previously stated, SLM Venture claims to be a joint venture of five investors, but does not provide any further information about its composition or its authority to pursue this litigation. The fact that none of this information was provided in connection with SLM Venture's motion raises serious doubts about its adequacy to vigorously represent the interests of the Class. Its motion should therefore be denied.

### D.    SLM 80 Is a Proper Lead Plaintiff

On the other hand, SMW 80 is precisely the type of institutional investor Congress intended to lead securities actions like this one. In addition to being the only institutional investor and the only movant who has held all of its shares in Sallie Mae throughout the Class Period, SMW 80 is also the only movant who satisfies the typicality and adequacy requirements of Rule 23. The claims of SMW 80 are typical of the claims of the rest of the Class because, just like all other Class members, it: (1) purchased Sallie Mae shares during the Class Period; (2) purchased Sallie Mae shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, SMW 80's claim is typical of those of other Class members since its claim and the claims of other Class members arise out of the same course of events.

SMW 80 is also an adequate representative of all members of the Class. As evidenced by the injuries suffered by SMW 80, who purchased Sallie Mae shares at prices allegedly artificially

inflated by defendants' materially false and misleading statements, the interests of SMW 80 are clearly aligned with the interests of ***all*** the members of the Class, and there is no evidence of any antagonism between SMW 80's interests and those of the other members of the Class. Further, SMW 80 has taken significant steps which demonstrate that it will protect the interests of the Class: it has retained highly qualified and experienced counsel to prosecute these claims. Thus, SMW 80 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in its prior submissions, SMW 80 respectfully requests that the Court: (i) consolidate the actions; (ii) appoint it as Lead Plaintiff in the actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  April 28, 2008                COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
                                      SAMUEL H. RUDMAN
                                      DAVID A. ROSENFELD
                                      MARIO ALBA JR.


                                          /s/ *Samuel H. Rudman*
                                      ————————————————————
                                          SAMUEL H. RUDMAN

                                      58 South Service Road, Suite 200
                                      Melville, NY  11747
                                      Telephone:  631/367-7100
                                      631/367-1173 (fax)

                                      [Proposed] Lead Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Samuel H. Rudman, hereby certify that, on April 28, 2008, I caused a true and

correct copy of the attached:

> Reply Memorandum in Further Support of the Motion of Sheet Metal Workers'
> Local No. 80 Pension Trust Fund for Consolidation, Appointment as Lead
> Plaintiff and for Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel.


                                         /s/ Samuel H. Rudman
                                         Samuel H. Rudman

SALLIE MAE

Service List - 4/2/2008    (08-0020)

Page 1 of 2

**Counsel For Defendant(s)**

Laurie B. Smilan
Abid R. Qureshi
Latham & Watkins LLP
11955 Freedom Drive, Suite 500
Reston, VA  20191-5651
  703/456-1000
  703/456-1001 (Fax)

Jeffrey G. Hammel
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4802
  212/906-1200
  212/751-4864 (Fax)

Peter A. Wald
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
  415/391-0600
  415/395-8095 (Fax)

**Counsel For Plaintiff(s)**

Arthur N. Abbey
Nancy  Kaboolian
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY  10016
  212/889-3700
  212/684-5191 (Fax)

Gerald H. Silk
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave of the Americas, 38th Fl.
New York, NY  10019
  212/554-1400
  212/554-1444 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Daniel C. Girard
Jonathan K. Levine
Aaron M. Sheanin
Girard Gibbs LLP
601 California Street, Suite 1400
San Francisco, CA  94108
  415/981-4800
  415/981-4846 (Fax)

SALLIE MAE

Service List - 4/2/2008          (08-0020)

Page 2 of  2

Corey D. Holzer
Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA  30338
    770/392-0090
    770/392-0029 (Fax)

Christopher A. Seeger
Stephen A. Weiss
David R. Buchanan
Seeger Weiss LLP
1 William Street
New York, NY  10004-2502
    212/584-7000
    212/584-0799 (Fax)

Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
    412/391-5164
    412/471-1033 (Fax)