UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/10
```

IN RE SLM CORPORATION SECURITIES
LITIGATION

Case No. 08 Civ. 1029 (WHP)

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 29 and in the interest of efficiency and judicial economy, particularly in the interest of avoiding significant ancillary litigation of discovery issues relating to confidential commercial and/or proprietary information, Lead Plaintiff SLM Ventures and Defendants SLM Corporation and Albert Lord hereby stipulate and agree to this protective order and the procedures set forth herein for designating and protecting confidential personal, commercial and/or proprietary information. Plaintiff and Defendants stipulate as follows:

### Scope of Order

1. This Order shall apply to and govern all depositions, documents, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken under the Federal Rules of Civil Procedure, and other information which the disclosing party designates as "Confidential Information" furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with the above-captioned litigation.

## Definitions

2. "Confidential Information" means any non-public material that contains: (i) any trade secret or other confidential research, design, development, financial or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) and any applicable case law; (ii) personally sensitive information; (iii) information for which applicable federal or state law requires confidential treatment; and/or (iv) any documents or other materials that contain or disclose such information, including but not limited to internal memoranda and work product, motions, affidavits, briefs and expert reports.

3. "Discovery Material" means documents, testimony, interrogatory answers and other information produced, given or exchanged in connection with discovery in this action.

4. "Privileged Material" means Discovery Material that the Producing Party believes constitutes, contains or reflects information protected by any applicable privilege or immunity from discovery, such as, but not limited to the attorney-client privilege, the attorney work product doctrine or any other recognized privilege or immunity.

5. "Producing Party" means any party or non-party to this action that produces Discovery Material.

6. "Receiving Party" means the party to this action that receives Discovery Material.

## Designation of Confidential Information

7. A Producing Party who designates any Discovery Material as Confidential Information bears the burden of establishing the confidential status of such material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden. The parties enter into and stipulate to this Order without prejudice to the rights of any party to assert or contest the confidential status of any Discovery Material as set forth below.

8. In designating any Discovery Material as Confidential Information, a Producing Party shall make such a designation only as to material which it in good faith believes is confidential. To the extent practicable, a Producing Party shall designate as Confidential Information only those portions of the Discovery Material that qualify for protection.

9. Producing Parties shall designate Confidential Material as follows:

a) In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made, as appropriate under the terms of this Order, by placing the following legend on each page of any such document: "CONFIDENTIAL." In the event that a Producing Party inadvertently fails to stamp or otherwise designate a document or other material as "CONFIDENTIAL" at the time of its production, that Producing Party may stamp or otherwise designate the document or other material as "CONFIDENTIAL" at any time thereafter. Such a delay in designating a document as "CONFIDENTIAL" shall not be deemed to have effected a waiver of any of the protections of this Order, but such document or other material shall be treated as confidential only beginning at the time such designation occurs. In the event that a document was made publicly available before it was designated confidential, the parties shall cooperate in good faith to remove it from the public domain (e.g., seeking to have it filed under seal with the Court if it was not filed under seal prior to designation as confidential).

b) Confidential Information may be used in depositions. Designation of the portion of the deposition transcript (including exhibits) that contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the Producing Party or counsel for the Producing Party to whose Confidential Information the deponent has had access, which shall be so designated within thirty

3

(30) days after receipt of the deposition transcript by the Producing Party. During those thirty days, the entire deposition transcript, including exhibits, shall be deemed to contain Confidential Information.

        c)      Any Confidential Information produced in a non-paper media (e.g., videotape, audiotape, computer disc, computer hard drive, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" and producing this material in a sealed envelope. In the event a Receiving Party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as confidential pursuant to the terms of this Order.

### Access to and Use of Confidential Information

10.      Confidential Information and information derived therefrom may be used by the Receiving Party solely for the purposes of this action and not for any other purpose.

11.      In the absence of written permission from the Producing Party, or an order of the Court, Discovery Material designated as Confidential Information may be disclosed only to the following persons:

        a)      The named parties to this action and their employees, officers, directors and insurers, counsel to their insurers, and counsel to any party working on this action, including attorneys consulting with or advising any party (including in-house counsel), paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

        b)      Any expert or consultant who is expressly retained by any attorney described in Paragraph 11(a) to assist in this action, with disclosure only to the extent reasonably necessary to perform such work;

   c) Outside vendors or service providers, such as litigation support services and/or electronic discovery service providers;

   d) Any mediator engaged by the parties to this matter or appointed by the Court;

   e) Any deponent, trial fact witness, other witness, or potential witness (and their respective counsel) to whom a party believes in good faith that such disclosure will further the prosecution or defense of this action, provided that the access to Confidential Information is made in accordance with the provisions of Paragraph 15 below.

   f) The Court, jury, court personnel, court reporters, and other persons connected with the Court.

  12. Nothing in this Order shall preclude (a) any parties or non-parties to this action or their attorneys from showing Confidential Information to an individual who (i) either prepared the Discovery Material containing the Confidential Information, or (ii) actually received the Discovery Material; or (b) any Producing Party or their attorneys from disclosing or using, in any manner or for any purpose, any Discovery Material from that Producing Party's own files which the Producing Party itself has designated as Confidential Information.

### Confidentiality Undertaking

  13. The persons described in Paragraphs 11(a)–(c) above shall have access to Confidential Information only after they have been made aware of the provisions of this Order.

  14. Counsel retaining or representing any person described in Paragraphs 11(b)–(c), or anyone working at such counsel's direction or on their behalf, shall require that such persons manifest their assent to be bound by the provisions of this Order by signing a copy of a certification in the form of Exhibit A hereto. Counsel shall retain copies of the signed

certifications until the completion of the action. The signed certifications shall not be discoverable except as provided in Paragraph 16 below.

15. Counsel proposing to disclose Confidential Information to any person described in Paragraph 11(e), or anyone working at such counsel's direction or on their behalf, prior to such disclosure, shall (i) provide a copy of this Order to such person (and his or her counsel), (ii) explain its terms to such person, (iii) inform such person that they are being shown Confidential Information solely for use in connection with this action and not for any other use, and (iv) request such person to manifest their assent to be bound by the provisions of this Order by signing a copy of a certification in the form of Exhibit A hereto. Any person described in Paragraph 11(e) receiving Confidential Information may not retain it in their possession or otherwise have access to it following their testimony or the meeting at which it was disclosed to them.

16. Lists shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom any Confidential Information is disclosed, or to whom the information contained therein is disclosed. Upon a good faith showing by a party that this Order has been violated, the Court may review such lists and the signed certifications if necessary and appropriate to address or resolve the purported violation.

### Use of Confidential Information in Court and Filings under Seal

17. Nothing contained in this Order shall be construed to limit any party's right to use or offer in Court any Confidential Information, except that no Confidential Information shall be used or offered in Court or filed in the public record unless the party using or offering such material has a good faith basis for doing so and it is done (i) with the consent of the Producing Party, (ii) pursuant to the terms of this Order, or (iii) otherwise with permission of the Court.

18.     Documents containing Confidential Information shall not be filed with the Court unless the filing party reasonably believes it is reasonably necessary to do so for purposes of trial, motions or other Court matters. In the event that any Confidential Information is filed, such material, and any pleadings, motions or other papers filed with the Court disclosing any such material, shall be filed in accordance with the Court's procedures for filing documents under seal electronically or, if not filed electronically, any such material shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the case caption, an indication of the nature of the contents of the sealed envelope or other container, the stamp "CONFIDENTIAL," and a statement substantially in the following form: "This envelope/container contains information designated CONFIDENTIAL pursuant to Court order and is not to be opened nor the contents thereof to be displayed except to the Court and its employees unless the Court by order authorizes disclosure." The parties will obtain leave of the Court before filing any such document under seal and will file redacted copies with the Clerk of the Court if leave is granted.

19.     In the event that any Confidential Information is used in any Court proceeding in connection with this action, it shall not lose its confidential status through such use.

**Challenges to Confidential Designations**

20.     Nothing in this Order shall be taken as indicating that any information is in fact confidential or entitled to confidential treatment. Any Receiving Party in the Action may object within 120 days after receiving Discovery Material from a Producing Party to the designation of, or failure to designate, Discovery Material as Confidential Information. If any party takes the position that it requires more than 120 days to make the requisite analysis, the parties agree to meet and confer in good faith regarding an extension of the 120 day objection period. The

objection must be made in writing to counsel for the Producing Party. Counsel must confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, the objecting party may move the Court, pursuant to any applicable rules of the Court, for an order compelling redesignation of the material in question. The Producing Party bears the burden of proof concerning confidentiality. All materials whose designation is contested in this manner will continue to be treated as Confidential Information as designated by the Producing Party, unless and until the parties agree or the Court rules to the contrary.

## Unauthorized Disclosure Prohibited

21. The recipient of any Confidential Information that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material. Confidential Information shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summary, extraction or abstraction is solely for the purposes of this action and not for any other purpose. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order and maintained in the same manner as the designated material on which they are based.

22. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the person or party responsible for the disclosure must promptly bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, without prejudice to any other rights and remedies of the parties or non-parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such material.

**Production of Confidential Information in Response to Compulsory Process**

23. In the event any Receiving Party having possession, custody or control of any Confidential Information receives a subpoena, request for production of documents, or other process or order to produce such material in another, unrelated legal proceeding, from a non-party to this action, such Receiving Party shall:

a) give prompt, and in no event less than seven (7) days, written notice of the subpoena, request for production of documents, or other process or order to counsel for the Producing Party that designated the Discovery Material as Confidential Information;

b) furnish counsel for that Producing Party with a copy of said subpoena, request for production of documents, or other process or order; and

c) cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the Producing Party whose interests may be affected. The Producing Party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the Producing Party asserting the "CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the Producing Party before producing any Confidential Information in response to the subpoena, request for production of documents, or other process or order.

### Reservation of Rights

24. This Order is without prejudice to the right of any party or non-party to seek relief from the Court from any of the provisions contained herein.

25. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be only as provided by the discovery rules and other applicable law.

### Inadvertent Production of Privileged Material

26. Any party's inadvertent disclosure of Privileged Material in connection with the Action will not constitute a waiver with respect to such Privileged Material or the subject matter of the Privileged Material. Should a Producing Party determine that a document or item that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, has been produced inadvertently, the Producing Party may notify the other Parties of the privilege claim and the basis for such claim. All Parties and other persons who received the inadvertently produced privileged documents or items shall promptly (a) segregate such document for a challenge to the privilege determination, (b) return, or (c) destroy the specified documents and all copies and derivatives thereof immediately upon receipt of the written notice, and shall confirm to the Producing Party that all such documents, copies and derivatives have been either (a) segregated for a challenge to the privilege determination, (b) returned, or (c) destroyed. Such inadvertent disclosure shall not result in the waiver of any associated privilege.

27. A Receiving Party's notice of the inadvertent disclosure and subsequent assertion of a claim of privilege shall not prejudice that Party's right to challenge the assertion of privilege for reasons other than waiver. Any party receiving such notice, after setting aside the Privileged

Material, may move, on reasonable notice, for an order challenging the designation of such material as Privileged Material and may attach to the motion copies of the material in question to be submitted under seal in accordance with this Order. In the event the Court determines the challenged document to be privileged, such document should be returned or destroyed pursuant to Paragraph 26 above.

28. In the event that the Receiving Party receives Privileged Material which, on its face, appears to be a privileged communication inadvertently disclosed, the Receiving Party shall immediately set aside all copies of the Privileged Material described in such notice and must not use or disclose such Privileged Material or any information derived therefrom, provided, however, that the Receiving Party, after setting aside the Privileged Material, may move, on reasonable notice, for an order challenging the designation of such material as Privileged Material and may attach to the motion copies of the material in question to be submitted under seal in accordance with this Order. Nothing in this Order shall prevent a Receiving Party from arguing that documents or other information identified by a Producing Party as Privileged Material, whether inadvertently produced or not, is not protected by any privilege.

### Procedure upon Termination of Litigation

29. Within sixty (60) days of the termination of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review, all non-public material produced by a disclosing party, regardless of whether it has been designated "CONFIDENTIAL," and all copies thereof, shall (at the request of the disclosing party) be returned to the Producing Party or destroyed. If destroyed, counsel shall certify the destruction and provide a copy of the certification to the Producing Party. Counsel for the parties, however, may retain court filings, depositions, deposition exhibits, hearing and trial transcripts, trial

11

exhibits, and attorney work product (including Confidential Information that is referred to or attached to any attorney work product), but any Confidential Information contained in such materials may not be disclosed to any other person, except as provided for in this Order.

## Miscellaneous

30. Non-parties may avail themselves of the protections of this Protective Order and may designate materials that they produce as Confidential Information, upon agreeing to the terms of this Order.

31. This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals who receive "CONFIDENTIAL" material shall be subject to this Order and to the jurisdiction of this Court concerning this Order, including any remedies or sanctions that may be appropriate if this Order is violated.

///

///

///

///

32. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned litigation.

DATED: December 6, 2010

**GIRARD GIBBS LLP**

By: _____

Jonathan K. Levine
711 Third Avenue, 20th Floor
New York, New York 10017
Telephone: 212-867-1721
Facsimile: 212-867-1767

Daniel C. Girard
Amanda M. Steiner
Christina H.C. Sharp
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: 415-981-4800
Facsimile: 415-981-4846

*Lead Plaintiff's Counsel*

**LATHAM & WATKINS LLP**

By: _____

Jeff G. Hammel
885 Third Avenue
New York, New York 10022
Telephone: 212-906-1200
Facsimile: 212-751-4864

Peter A. Wald
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095

Laurie B. Smilan
Abid R. Qureshi
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
Facsimile: 202-637-2201

*Counsel for Defendants SLM Corporation and Albert L. Lord*

IT IS SO ORDERED.

Dated: December ___, 2010

_____
The Honorable William H. Pauley, III
United States District Judge

13

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE SLM CORPORATION SECURITIES
LITIGATION

Case No. 08 Civ. 1029 (WHP)

**AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

1. I hereby certify my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order executed by the parties on December 6, 2010 in the above-captioned action (the "Action").

2. I have read the Stipulated Protective Order and understand its terms.

3. I agree to be bound by, and abide by, the Stipulated Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation and Order or any action arising from or related to the Stipulated Protective Order.

4. I understand that violation of the Stipulated Protective Order may result in sanctions imposed by the Court against any person who it determines failed to comply with the terms of the Stipulated Protective Order.

Dated:_____

Signature:_____
Name (printed):_____
Title & Company:_____

1

Case 1:08-cv-01029-WHP   Document 124   Filed 12/08/10   Page 16 of 16

In re SLM Corporation Securities Litigation; Case Number 08-1029...

**Subject:** In re SLM Corporation Securities Litigation; Case Number 08-1029(WHP)
**From:** "Anne-Michele Von Goetz" <amv@girardgibbs.com>
**Date:** Mon, 6 Dec 2010 14:41:43 -0800
**To:** <judgments@nysd.uscourts.gov>
**CC:** "Dena Connolly Sharp" <chc@girardgibbs.com>

Dear Sir or Madam:

Attached please find a Stipulated Protective Order in the matter of In re SLM Corporation Securities Litigation, Case Number 08-1029 (WHP). The document is attached as an executed PDF, as well as an unexecuted Word document. Please advise if the attached document requires any revisions.


Anne-Michele von Goetz
Litigation Secretary
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Phone: (415) 981-4800
Fax: (415) 981-4846
amv@girardgibbs.com
www.girardgibbs.com

This message is intended only for the addressee, and may contain information that is privileged or confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or agent of the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; and you are asked to notify us immediately by return email, or by telephone at (415) 981-4800. Thank you.

| | | |
|---|---|---|
| **2010-12-6_Stipulated Protective Order.pdf** | Content-Description: | 2010-12-6_Stipulated Protective Order.pdf |
| | Content-Type: | application/octet-stream |
| | Content-Encoding: | base64 |
| **2010-12-6_Stipulated Protective Order (final).doc** | Content-Description: | 2010-12-6_Stipulated Protective Order (final).doc |
| | Content-Type: | application/msword |
| | Content-Encoding: | base64 |