UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                  :

In re:   SLM CORPORATION           Master File No.
        SECURITIES LITIGATION           :          08 Civ. 1029 (WHP)

------------------------------------X          ORDER

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/11
```

WILLIAM H. PAULEY III, District Judge:

        Having reviewed the parties' joint letter dated February 1, 2011 ("Joint Letter"), and the cited authorities, this Court resolves the current discovery disputes as follows:

    A.   The Identities of Plaintiffs' Confidential Witnesses

        The identities of the sixteen (16) confidential witnesses cited in Plaintiffs' Second Amended Complaint, among the seventy-three (73) former employees already identified in Plaintiffs' 26(a) disclosures, are protected work product. See In re Veeco Instruments, Inc. Sec. Litig., No. 05 MD 0169, 2007 WL 274800, at *1 (S.D.N.Y. Jan. 29, 2007). While the identities of witnesses with relevant information are discoverable, Defendants are not automatically entitled to know which of those witnesses Plaintiffs consider important. Veeco, 2007 WL 274800, at *1; see also In re MTI Tech. Corp. Sec. Litig. II, No. SACV 00-745 DOC, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002). Indeed, a case relied on by Defendants makes that distinction clear. See e.g., Carson–Merenda v. Detroit Medical Ctr., Case No. 06-15601, 2008 WL 659647, at *4 (E.D. Mich. Mar. 7, 2008) (noting the "distinction between asking the identity of persons with knowledge, which is clearly permissible, and asking the identity of persons contacted and/or interviewed during an investigation, which is not") (citation and internal quotations omitted). Plaintiffs disclosed the identities of witnesses with relevant knowledge, including its confidential witnesses. Absent a showing of need and undue hardship, Defendants

may not force Plaintiffs to disclose the identities of witnesses interviewed during the investigation leading to the Second Amended Complaint.

Defendants cannot demonstrate undue hardship in conducting an investigation of the 73 former employees listed in Plaintiffs' initial disclosures. Veeco, 2007 WL 274800, at *1 (Investigation of fifty-five (55) potential witnesses was manageable.); cf. In re Marsh & McLennan Cos., Inc. Sec. Litig., No. 04 Cv 8144 (SWK), 2008 WL 2941215, at *3-4 (Investigation of 362 potential witnesses was unmanageable.). As their former employer, Sallie Mae is in the best position to know who among the 73 former employees may have the most relevant testimony.

To the extent contact information for the witnesses listed in Plaintiffs' initial disclosures is no longer valid, Plaintiffs should supplement their 26(a) disclosures forthwith. Fed. R. Civ. P. 26(e)(1)(A).

B. E-mails between Plaintiffs and Confidential Witnesses

Plaintiffs' e-mail exchanges with former Sallie Mae employees that either constitute witness interviews or concern trivial scheduling matters need not be produced. The former are protected work product and the latter are irrelevant. However, Plaintiffs must log the e-mails it claims are privileged so that Defendants and, if necessary, the Court can assess Plaintiffs' privilege claims. Fed. R. Civ. P. 26(b)(5)(A). As discussed above, the identities of interviewed witnesses are protected work product and therefore witness names need not be disclosed. But, Plaintiff must log the date of the e-mail, the names of persons on the e-mail other than any witnesses, and the nature of the subject of the e-mail. See Gerber v. Down East Cmty

Hosp., 266 F.R.D. 29, 37 (D. Maine 2010). Plaintiffs shall produce a suitable log to Defendants by February 21, 2011.

### C. Ex Parte Interviews of Former Employees

Plaintiffs may conduct ex-parte interviews of Defendants' former employees and officers so long as Plaintiffs adhere to the Interview Protocol agreed to by the parties and attached to the Joint Letter as Exhibit A ("Interview Protocol"). While the protection of privileged information is a concern, "to say that a protective order may issue ... does not mean it always should. Nor does it answer the question of the appropriate nature and scope of such an order." G-I Holdings, Inc. v. Baron & Budd, 199 F.R.D. 529, 534 (S.D.N.Y. 2001) (Sweet, J.) (requiring advance notice where potential witnesses were defendant law firm's former employees with extensive exposure to privileged information).

Sallie Mae articulates a general fear that privileged information could be unwittingly divulged during an ex parte interview. Without more, the Court cannot craft a meaningful protective order and is not willing to further infringe on Plaintiffs' "time-honored" right to conduct ex parte interviews of witnesses. See Judd v. Take-Two Interactive Software, Inc., No. 07 Cv.7392 (GEL), 2008 WL 906076, at *1 (S.D.N.Y. April 3, 2008) (Lynch, J.) (quoting G-I Holdings, 199 F.R.D. at 533). Unlike G-I Holdings, there is no indication that Plaintiffs will seek privileged information or use lay persons to conduct interviews, and therefore the measures prescribed in the Interview Protocol are sufficient to safeguard Sallie Mae's

- 4 -

privileged information. Of course, Sallie Mae knows which of its former employees are likely to have privileged information relevant to this case and can take appropriate prophylactic measures above and beyond the Interview Protocol.

Dated: February 15, 2011
    New York, New York

                      SO ORDERED:

                      WILLIAM H. PAULEY III
                      U.S.D.J.

*Counsel of Record:*

Daniel C. Girard, Esq.
Girard Gibbs LLP
601 California Street, Suite 1400
San Francisco, CA 94108
*Counsel for Lead Plaintiff SLM Venture*

Peter A. Wald, Esq.
Latham & Watkins, LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
*Counsel for Defendants*