UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                          :     Master File No. 08 Civ. 1029 (WHP)
In re: SLM CORPORATION SECURITIES :
LITIGATION                                          :
                                                          :
------------------------------------------------------------x

### DECLARATION OF WILLIAM C.FREDERICKS IN SUPPORT OF BERNSTEIN LITOWITZ BERGER & GROSSMANN'S LLP'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

I, WILLIAM C. FREDERICKS, hereby declare as follows:

1. I am a member of the law firm of Bernstein Litowitz Berger & Grossman LLP ("BLBG"). I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in the above-captioned action (the "Action"), as well as for reimbursement of expenses reasonably incurred by my firm in connection with the Action.

2. My firm was involved in this action at an early stage of the litigation, initially on behalf of certain of its own clients and potential class representatives, and thereafter at the request of the law firm of Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier"), which the Court initially appointed to act as Lead Counsel on July 23, 2008. Accordingly, my firm was involved in, among other tasks, researching the facts that gave rise to the claims asserted, analyzing the potential for bringing expanded claims on behalf of the putative Class, and assisting in the preparation of the Consolidated Amended Complaint which was filed in early 2009. As part of this work, members of my firm's in-house investigative department, also at the request of then-Lead Counsel (and also with the knowledge and approval of the then duly-appointed Lead Plaintiff, Westchester Capital Management, Inc.), devoted a substantial amount

of time to working with the former Lead Counsel's outside investigators to identify, locate, contact and interview former employees of defendant Sallie Mae to obtain information to support plaintiffs' and the Class members' claims. In this regard, I also note that my firm is listed as "Additional Counsel for Plaintiff" on the signature page of the Consolidated Amended Class Action Complaint, filed with the Court on January 9, 2009.

3.  By order dated April 1, 2009, the Court entered an Order reconsidering its prior appointment of lead plaintiff in this Action in light of the Second Circuit's recent decision in *Huff Asset Mgmt Co. LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), naming a replacement Lead Plaintiff, and replacing prior Lead Counsel for the Class (Abbey Spanier) with new Lead Counsel (Girard Gibbs LLP). Thereafter, with the *de minimis* exception of four billed hours, BLBG ceased billing any time on this matter, as new Lead Counsel (Girard Gibbs LLP) did not give BLBG any work assignments after entry of the Court's April 1, 2009 Order. It is respectfully submitted that the Court's decision to appoint new Lead Counsel on April 1, 2009 does not affect BLBG's right to seek compensation for services rendered on behalf of (and right to seek reimbursement of expenses incurred on behalf of) the then duly appointed Lead Plaintiff and the Class prior to that date, including for work performed and expenses incurred at the direction of and/or with the authorization of the originally appointed Lead Counsel and Lead Plaintiff in this Action.

4.  The schedule attached hereto as Exhibit 1 summarizes the amount of time spent by each attorney and professional support staff of my firm who was involved in litigating this Action, and the resulting lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm. The schedule

was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5. The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted in other securities or shareholder litigation.

6. The total number of hours expended on this Action by my firm is 541.25 hours. My firm's total lodestar incurred in this matter is $235,302.50, consisting of $100,395 in attorney time, $104,740 in in-house professional investigator time, and $30,167.50 in paralegal and other professional support staff time.

7. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8. As detailed in the schedule attached hereto as Exhibit 2, my firm has incurred a total of $12,285.29 in unreimbursed expenses in connection with the prosecution of this Action. The primary expense items were for on-line legal research ($4,749.54), on-line factual research ($1,934.22), and outside consulting expert services relating to loss causation and damages issues ($5,162.50).

9. The expenses incurred in this Action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

10. With respect to the standing of my firm, a summary of the background and accomplishments of my firm, and of the attorneys in my firm who were principally involved in this action, can be found at www.blbglaw.com.

11. My partner, Gerald Silk, and I contacted current Lead Counsel, Girard Gibbs LLP earlier in May to initiate discussions concerning my firm's time and unreimbursed expense in this matter. As a result of these discussions, BLBG was advised for the first time that the Abbey Spanier firm had put in a separate request for attorneys' fees in its capacity as former Lead Counsel, and of Girard Gibbs' view that any BLBG fee application should have been made as part of former Lead Counsel's application. Without resolving the question of whether it would have been more appropriate to have originally included BLBG's request for attorneys' fee and reimbursement of expenses (a) as part of former Lead Counsel's fee and expense application or (b) as part of current Lead Counsel's fee and expense application, BLBG and current Lead Counsel have subsequently agreed that it would be most efficient for BLBG to file its own short fee and expense application. BLBG intends to continue its discussions with current Lead Counsel to narrow or eliminate any differences with current Lead Counsel that may remain relating to this application.

I declare under penalty of perjury of the laws of the United States that the foregoing facts are true and correct.

Executed on June 4, 2012

/S/ William C. Fredericks
William C. Fredericks (WF-1576)

# EXHIBIT 1

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
## LODESTAR REPORT
## Sallie Mae

| Name | Number of Hours | Rate | Lodestar |
|---|---|---|---|
| **Professional Type: Partner** | | | |
| Max Berger | 13.00 | 975.00 | 12,675.00 |
| William Fredericks | 53.00 | 800.00 | 42,400.00 |
| Salvatore Graziano | 0.75 | 800.00 | 600.00 |
| Avi Josefson | 11.50 | 650.00 | 7,475.00 |
| Gerald Silk | 33.50 | 800.00 | 26,800.00 |
| **Professional Type: Senior Counsel** | | | |
| Jai Chandrasekhar | 3.50 | 600.00 | 2,100.00 |
| **Professional Type: Associate** | | | |
| Michael Blatchley | 0.50 | 440.00 | 220.00 |
| John Rizio-Hamilton | 15.00 | 500.00 | 7,500.00 |
| Jeroen Van Kwawegen | 0.25 | 500.00 | 125.00 |
| Adam Wierzbowski | 1.00 | 500.00 | 500.00 |
| **Professional Type: Investigator** | | | |
| Amy Bitkower | 85.75 | 465.00 | 39,873.75 |
| Lisa C. Burr | 101.00 | 265.00 | 26,765.00 |
| Jaclyn Chall | 20.75 | 265.00 | 5,498.75 |
| David Kleinbard | 68.00 | 345.00 | 23,460.00 |
| Joelle (Sfeir) Landino | 34.50 | 265.00 | 9,142.50 |
| **Professional Type: Case Managers** | | | |
| Ricia Augusty | 13.00 | 290.00 | 3,770.00 |
| **Professional Type: Paralegal** | | | |
| Andrew Zimmer | 3.25 | 230.00 | 747.50 |
| **Professional Type: Director of Investor** | | | |
| Adam Weinschel | 35.75 | 375.00 | 13,406.25 |
| **Professional Type: Financial Analyst** | | | |
| Amanda Beth Hollis | 3.50 | 295.00 | 1,032.50 |
| Rochelle Moses | 15.50 | 295.00 | 4,572.50 |
| Ryan S. Ting | 28.25 | 235.00 | 6,638.75 |
| **Total This Report** | **541.25** | | **235,302.50** |

5/29/2012

# EXHIBIT 2

## BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
### TYPE OF EXPENSE SUMMARY
### Sallie Mae
### Inception to 05/31/12

| Type of Expense | Expense Amount |
|---|---:|
| On-Line Legal Research | 4,749.54 |
| On-Line Factual Research | 1,934.22 |
| Telephone | 60.08 |
| Postage & Express Mail | 123.79 |
| Hand Delivery Charges | 49.16 |
| Local Transportation | 5.70 |
| Internal Copying | 136.25 |
| Working Meals | 31.43 |
| Staff Overtime | 32.62 |
| Experts | 5,162.50 |
| **Total this report** | **$ 12,285.29** |