USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE SLM CORPORATION SECURITIES
LITIGATION

Case No. 08 Civ. 1029 (WHP)

---

## ORDER OF FINAL JUDGMENT

This matter having come before the Court for hearing on September 5, 2012, pursuant to the Orders of this Court dated April 18, April 30 and July 27, 2012 (Docket Nos. 169-70, 191), on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of March 23, 2012 (Docket No. 166, Ex. 1), and due and adequate notice having been given to the Certified Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. As used in this Order the capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, all Certified Class Members, and the Settling Defendants, and to consider and enter this Order.

3. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Certified Class Members who could be identified with reasonable effort. The form and method of notifying the Certified Class of the pendency of the action as a

class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and adequate notice to all persons and entities entitled thereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, finds that said Settlement is, in all respects, fair, reasonable and adequate with respect to the Certified Class and directs that the Settlement be consummated in accordance with the terms and provisions of the Stipulation.

5. The entities listed on Exhibit 1 are excluded from the Certified Class.

6. The Action is hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

7. Upon the Effective Date, the Lead Plaintiff and each Certified Class Member, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Lead Plaintiff or Certified Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Net Settlement Fund established pursuant to the Stipulation, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Settling Defendants and Released Parties and shall have covenanted not to sue the Settling Defendants and Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting, either directly or

in any other capacity, any and all Settled Claims against any and all of the Released Parties. Excluded from the Settled and Unknown Claims are all claims under the Employee Retirement Income Securities Act of 1974 pled in the consolidated ERISA action entitled *In re SLM Corporation ERISA Litigation,* Case No. 08-CV-4334 (WHP) (Southern District of New York) and the related appeal in Docket Number 10-4061 (Second Circuit Court of Appeals). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order of Final Judgment.

8. Upon the Effective Date, the Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Settled Defendants' Claims. The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order of Final Judgment.

9. Upon the Effective Date, all obligations of the Settling Defendants and Released Parties to Lead Plaintiff and the Certified Class Members arising out of, based upon or otherwise related to the transactions and occurrences that were alleged, or could have been alleged, on behalf of Lead Plaintiff and the Certified Class Members in the Action shall be fully, finally, and forever discharged, and all Persons shall be permanently barred and enjoined from instituting, prosecuting, pursuing or litigating in any manner (regardless of whether such Persons purport to act individually, representatively, or in any other capacity and regardless of whether such Persons purport to allege direct claims, claims for contribution, indemnification, or reimbursement, or any other claims) claims regarding any such obligations.

10. Neither this Order of Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Settling Defendants or against Lead Plaintiff or the Certified Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants or by Lead Plaintiff or the Certified Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or against Lead Plaintiff and the Certified Class as evidence of any infirmity in the claims of Lead Plaintiff and the Certified Class;

(c) offered or received against the Settling Defendants or against Lead Plaintiff or the Certified Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

4

(d) construed against the Settling Defendants or Lead Plaintiff and the Certified Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Certified Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.



13. Lead Counsel is hereby awarded $7,875,000.00 in fees, which sum the Court finds to be fair and reasonable, and $1,149,830.90 in reimbursement of expenses, which fees and expenses shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

14. The awarded attorneys' fees and expenses and interest earned thereon shall be distributed to Lead Counsel subject to the terms, conditions and obligations of the Stipulation.

15. Lead Counsel shall allocate the Court-awarded attorneys' fees and expenses among plaintiffs' counsel in a manner that Lead Counsel, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

16. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over (a) implementation of the Settlement; (b) any award or distribution of the settlement fund established pursuant to the Stipulation, including interest earned thereon; (c) any allocation by Lead Counsel of Court-awarded attorneys' fees and expenses among plaintiffs' counsel; and (d) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement. The time to appeal from this Judgment shall commence upon its entry.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. This Judgment is a final judgment in the Action as to all claims among Settling Defendants, on the one hand, and the Lead Plaintiff and Certified Class, on the other. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The Clerk of the Court is directed to enter this order in the files of this civil action.

20. In the event that this Judgment does not become Final, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the provisions of ¶ 30 of the Stipulation shall apply

Dated:     New York, New York
           Sept. 6         , 2012

                                           _____
                                           Honorable William H. Pauley
                                           UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

### Entities Excluded from the Certified Class

1. GS Master Trust
   c/o Westchester Capital Management, LLC
   Valhalla, New York

2. Institutional Benchmark Series (Master Feeder) Limited
   c/o Westchester Capital Management, LLC
   Valhalla, New York

3. MSS Merger Arbitrage 2
   c/o Westchester Capital Management, LLC
   Valhalla, New York

4. The Merger Fund
   c/o Westchester Capital Management, LLC
   Valhalla, New York

5. The Merger Fund VL
   c/o Westchester Capital Management, LLC
   Valhalla, New York